IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EUGENE LONG,
     Plaintiff,

vs.                          Case No. 3:10cv356/LC/CJK

K. W. DIERMYER, et al.,
     Defendants.

_____

REPORT AND RECOMMENDATION

     Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 9). Upon review of the amended complaint, the court concludes that plaintiff is barred under 42 U.S.C. § 1997e(e) from recovering the relief he seeks. Therefore, dismissal of this case is warranted.

BACKGROUND AND PROCEDURAL HISTORY

     Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). (Doc. 9, p. 2). His amended complaint names two defendants, both Santa Rosa CI officials: Lieutenant K. W. Diermyer and Sergeant G. R. Murphy. (*Id*.). Plaintiff alleges that on May 5, 2010, he declared a mental health emergency to an unknown correctional officer. (*Id*., p.

5).[1]  The officer responded by ordering plaintiff to "get off the door," so plaintiff began kicking his cell door to get defendant Murphy's attention.  Murphy came to plaintiff's cell, where plaintiff again declared a mental health emergency.  After Murphy refused to call the mental health unit, plaintiff asked to see defendant Diermyer.  Murphy told plaintiff that if he continued kicking his cell door he would undoubtedly see defendant Diermyer, so plaintiff began kicking his cell door again. Defendant Diermyer arrived, reviewed plaintiff's "face sheet" and told plaintiff to cease his behavior.  Plaintiff agreed and informed Diermyer he had a mental health emergency.  Diermyer responded that he would call someone to counsel plaintiff, then left.  Approximately twenty minutes later, Diermyer and Murphy returned, opened the food flap on plaintiff's cell door and, on Diermyer's command, Murphy sprayed a chemical agent into plaintiff's cell.  Plaintiff approached the door and showed Diermyer his asthma pump and medical pass containing a restriction for "no chemicals."  Defendant Diermyer began removing plaintiff from his cell, but after defendant Murphy said he wanted to spray plaintiff one more time because he "didn't get him in the face," Diermyer put plaintiff back in his cell and advised Murphy he had better "spray him good" this time, because plaintiff had asthma and they needed to get him out of the cell. (*Id*., p. 5). Murphy sprayed plaintiff again.  Diermyer stopped Murphy from spraying plaintiff a third time.  Plaintiff was taken to the shower, seen by a nurse and counseled by mental health staff.  (*Id*., p. 6).  After plaintiff returned to his cell, he took "a handful of pills."  He was seen by a nurse and

---

[1]The page numbers appearing on ECF are different from the page numbers of the amended complaint.  All references to page numbers are to the pagination of the amended complaint.

taken to the medical department, where his stomach was pumped and he was again seen by mental health staff.

Based on the foregoing allegations, plaintiff asserts three claims.  (*Id.*, p. 7). First, he claims a violation of his First Amendment rights arising from Murphy's and Diermyer's failure to call the mental health unit upon plaintiff's declaration of a mental health emergency.  Second, he claims Diermyer and Murphy subjected him to cruel and unusual punishment in violation of the Eighth Amendment by using the chemical agent.  Third, plaintiff claims Diermyer violated his First Amendment rights when Diermyer threatened to spray plaintiff again if plaintiff grieved the incident. As relief, plaintiff seeks monetary compensation in the amount of $1,000.00 against each defendant.  (*Id.*) (requesting "Reward 1,000 from each Defendant.").

DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*,

29 F.3d 1480, 1483 (11ᵗʰ Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11ᵗʰ Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (same; explaining, for example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Taking the allegations of the amended complaint as true and construing them in the light most favorable to plaintiff, they show that plaintiff's claims are barred by 42 U.S.C. § 1997e(e).  The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Eleventh Circuit has concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11ᵗʰ Cir. 2002).  This action,  brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.  It is evident from the face of the pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred

while plaintiff was in custody. Plaintiff's claims for monetary compensation, which cannot be liberally construed as requesting nominal damages, are based on the emotional distress plaintiff suffered as a result of the defendants' alleged conduct, and/or the fact of the alleged constitutional violations themselves (divorced from any mental or emotional injury they caused). The complaint alleges no physical injury resulting from defendants' conduct, much less one that is more than *de minimis*. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("*Harris I*") (concluding that in order to satisfy § 1997e(e) "the physical injury must be more than *de minimis*, but need not be significant."), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) ("*Harris II*"). Therefore, plaintiff is prohibited under the PLRA from bringing his damages claims. *Harris I*, 190 F.3d at 1287-88 (11th Cir. 1999) (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)), *reinstated on reh'g, Harris II*, 216 F.3d at 972; *see also Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

This conclusion is consistent with the Eleventh Circuit's disposition of similar claims. *Mann v. McNeil*, 360 F. App'x 31 (11th Cir. 2010) (under Eleventh Circuit case law, injuries of which prisoner complained, including vague injuries to his back, scrapes and marks on his knees and legs, lack of personal items, lapse of time in reordering medication, work assignment of window-cleaning, and discontinuance of pass for showers twice a day, amounted to *de minimis* physical injuries; therefore §

1997e(e) barred prisoner's damages claim for mental or emotional injury); *Hale v. Sec'y for Dep't of Corr.*, 345 F. App'x. 489, 491 (11th Cir. 2009) (affirming district court's dismissal of prisoner's claims for compensatory and punitive damages, where prisoner did not suffer anything more than minimal or temporary physical effects from his confinement in close management); *Quinlan v. Personal Transport Serv. Co., LLC*, 329 F. App'x 246, 249 (11th Cir. 2009) (affirming district court's dismissal of detainee's compensatory and punitive damages claims for alleged violation of Eighth and Fourteenth Amendments during transport to prison under unsafe conditions; although detainee complained of periodic episodes of back pain, and of temporary chest pain, headache, and difficulty breathing while in the company's van, the allegations did not indicate more than a *de minimis* physical injury sufficient to satisfy § 1997e(e), as none of the conditions required immediate medical attention or evidenced physical injury besides discomfort); *see also, e.g., Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (holding that prisoner, who was pepper sprayed, was barred by § 1997e(e) from pursuing Eighth Amendment claim seeking monetary relief for mental anguish; prisoner failed to allege or show more than a *de minimis* physical injury, because at no time was prisoner in actual respiratory distress; instead, he merely was uncomfortable in the ordinary fashion of persons exposed to pepper spray).  Although these opinions are not binding precedent, *see* 11th Cir. R. 36-2, they offer persuasive authority.

Dismissal of plaintiff's claims is also consistent with the decisions of this and other district courts within this circuit.   *See, e.g., Kornagay v. Burt*, No. 3:09cv281/LC/EMT, 2011 WL 839496, at *22 (N.D. Fla. Feb. 8, 2011) (recommending dismissal of prisoner's compensatory and punitive damages claims

against prison officials arising from their application of chemical agent; prisoner's allegations that during five-day period following incident he suffered burning lungs and skin, congested breathing, tearing eyes, nasal discharge, dizziness, the sensation of respiratory distress, choking, and burns to his scalp, did not show more than a *de minimis* physical injury to satisfy § 1997e(e)), *Report and Recommendation adopted*, 2011 WL 855619 (N.D. Fla. Mar. 9, 2011); *Beecher v. Jones*, No. 3:08cv416/MCR/EMT, 2010 WL 5058555, at *6 (N.D. Fla. Oct. 29, 2010) (recommending dismissal under § 1997e(e) of prisoner's claims for monetary compensation for prison officials' alleged unjustified use of chemical agent, where plaintiff alleged no physical injury at all, much less injury that was more than *de minimis*), *Report and Recommendation adopted*, 2010 WL 5055991 (N.D. Fla. Dec. 6, 2010); *Palmer v. Walker*, No. 2:09cv401, 2011 WL 836928, at *8 (M.D. Fla. Mar. 9, 2011) (dismissing under § 1997e(e) prisoner's monetary damages claims against prison officials for officials' alleged unjustified application of chemical agents, where prisoner did not allege he suffered a physical injury).

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 9th day of June, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11ᵗʰ Cir. 1988).